# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

VAUGHN SUBER,

    Plaintiff,

v.

SANDRA J. MUELLER et al.,

    Defendants.

Civ. No. 19-13591 (FLW) (TJB)

**MEMORANDUM OPINION**

Plaintiff Vaughn Suber ("Plaintiff") has filed a *pro se* Complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 arising from the alleged failure to provide adequate medical care while he was incarcerated as a pretrial detainee at Ocean County Correctional Facility. Plaintiff is currently incarcerated at Northern State Prison. The Court previously granted Plaintiff's application to proceed *in forma pauperis*. (ECF Nos. 1-3 & 4.)

Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B); § 1915A.

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the standard for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation

1

marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings must be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

The Complaint asserts the following relevant facts in the "Statement of Claims":

> I was injured while playing basketball which resulted in a broken pinky finger: (right hand). This injury required surgery and a subsequent second corrective surgery.
>
> Defendant 1 failed to ensure the proper medical treatment of injured detainee which delayed medical assistance and ultimately required two surgeries and irreparable damage.

(ECF No. 1, Complaint at 3.) According to the Complaint, the injury occurred on July 29, 2018. (*Id.* at 4.) The Complaint further asserts that Plaintiff

> was never rendered same day medical treatment but was provided pain relievers. [S]everal days after injury, [Plaintiff] received an x-ray which revealed a broken finger. On 8-20-18 [Plaintiff] was taken to have surgery to repair the broken finger and scheduled therapy which [Plaintiff] never received while in Ocean County Jail which resulted in irreparable damage requiring second surgery.

(*Id.* at 4.) Plaintiff also appears to assert that the first surgery caused "irreparable damage" that required the second surgery. (*Id.*) Plaintiff seeks damages for his injuries. (*Id.*)

Based on these facts, Plaintiff asserts that the Defendant Sandra J. Mueller, the Warden of Ocean County Correctional Center, and Defendant Denise Margino, who is not otherwise

2

identified, violated his Eighth and Fourteenth Amendment right to adequate medical care and brings these claims pursuant to 42 U.S.C. § 1983.[1] To state a § 1983 claim for deliberate indifference to serious medical needs, a prisoner must plead facts indicating: (1) a serious medical need; and (2) conduct on the part of each prison official that constitutes deliberate indifference to that need.[2] *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

Serious medical needs include previously diagnosed conditions requiring treatment or those that are so obvious that a lay person would recognize the necessity for doctor's attention, and those conditions which, if untreated, would result in "unnecessary and wanton infliction of pain," lifelong handicap, or permanent loss. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988).

Deliberate indifference requires proof that the particular defendant: "[1] knows of and [2] disregards an excessive risk to inmate health or safety." *Natale*, 318 F.3d at 582 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). In this context, "deliberate indifference" is a subjective standard. *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). The official "must actually have known or been aware of the excessive risk to inmate safety" and it is "not sufficient that the official should have known of the risk." *Id*. Courts have found deliberate indifference where an official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents

---

[1] The Court construes Plaintiff to assert these claims against Defendants in their personal capacities and does not construe Plaintiff to raise any additional claims for relief.

[2] While a pre-trial detainee's rights with respect to medical care flow from the Fourteenth Amendment rather than the Eighth Amendment, the standard under both is the same: deliberate indifference to a person's serious medical needs. *A.M. v. Luzerne County Juvenile Det. Ctr.*, 372 F.3d 572, 584 (3d Cir. 2004); *Groman v. Township of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995).

a prisoner from receiving needed or recommended treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). As a general rule, government officials are not liable under § 1983 for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)

Here, assuming that Plaintiff's broken finger constitutes a serious medical need, Plaintiff has not provided sufficient facts showing that either Defendant was deliberately indifferent to his serious medical needs. Plaintiff appears to assert that the Defendant Warden Mueller failed to "ensure the proper medical treatment" but does not provide facts showing that the she was aware of his need for immediate medical treatment and denied or delayed that treatment. Nor does he provide facts showing that Defendant Margino knew of his need for immediate medical treatment and denied or delayed that treatment. Plaintiff appears to assert that he was entitled to "same-day treatment" for his broken finger, but has not provided facts showing that he asked any prison medical personnel or other prison officials for same-day treatment and that his injury was so severe that it required same-day treatment rather than pain medication alone. Furthermore, Plaintiff received some medical care, *i.e.*, pain medication at the time of his injury, an x-ray several days later, and a subsequent surgery. Plaintiff allegations that the course of treatment provided was insufficient and/or botched is conclusory. As such, the Complaint does not state claims of deliberate indifference against the named Defendants without additional facts showing that these Defendant's were involved in the alleged wrongs and were deliberately indifferent to an allegedly serious medical need.

For these reasons, the Court will dismiss the §1983 claims against both Defendants, administratively terminate this matter, and provide Plaintiff with 30 days to submit an amended

complaint to the extent he can cure the deficiencies in his § 1983 claims.  An appropriate Order follows.

/s/ Freda L. Wolfson  
Freda L. Wolfson  
U.S. Chief District Judge

DATED:  January 10, 2020